UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARYN WATERS,

        Plaintiff,

    v.

KOHL'S DEPARTMENT STORES, INC.,

        Defendant.

Case No.  14-cv-00043-KAW

ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR WITHDRAWAL OF ADMISSIONS

Dkt. Nos. 46 & 49

On November 6, 2014, the Court held a hearing on Defendant Kohl's Department Stores, Inc.'s motion for summary judgment. (Dkt. No. 28.)  Kohl's argued that one grounds for granting the motion was Plaintiff Sharyn Waters' failure to timely serve responses to its requests for admission.  As a result, the Court ordered Plaintiff to file a motion for withdrawal on or before November 13, 2014. (Minute Entry, Dkt. No. 45.)

Upon review of the parties' papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Plaintiff's motion for withdrawal of admissions.

## I.  BACKGROUND

On November 5, 2011, Plaintiff Sharyn Waters allegedly tripped and fell at Defendant Kohl's Department Store, Inc.'s Hayward, California store. (Compl., Dkt. 1, Ex. A.)  On November 4, 2013, Plaintiff filed this action in Alameda County Superior Court, which Defendant subsequently removed to federal court.

Defendant propounded set one of its requests for admission on March 7, 2014. (Pl.'s Am. Mot., Dkt. No. 49 at 2.)  Plaintiff initially served untimely responses on June 6, 2014, and served amended responses on August 5, 2014. *Id.*

United States District Court
Northern District of California

1    On November 6, 2014, the Court heard Defendant's motion for summary judgment.  At the

2    hearing, the Court informed Plaintiff that she needed to file a motion to withdraw or amend her

3    responses to Defendant's requests for admission.  On November 13, 2014, Plaintiff filed the

4    motion. (Pl.'s Mot., Dkt. No. 46.)  On November 18, 2014, Plaintiff filed an amended motion to

5    correct the statement that she had been legally married to John Phillip Waters. (Pl.'s Am. Mot.,

6    Dkt. No. 49.)  On November 18, 2014, Defendant filed its opposition. (Def.'s Opp'n, Dkt. No. 50.)

7    Plaintiff was not permitted a reply.

8

## II. DISCUSSION

9    A party's failure to timely respond to requests for admission results in the automatic

10    admission of the matters requested. Fed. R. Civ. P 36(a)(3).  Pursuant to Federal Rule of Civil

11    Procedure 36, "[a] matter admitted under this rule is conclusively established unless the court, on

12    motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

13    In her motion, Plaintiff contends that her responses were not timely served due to her and

14    Phil Waters' collective health problems. (Pl.'s Am. Mot. at 3.)  Plaintiff vaguely states that "if the

15    admissions are not allowed to be withdrawn or amended, plaintiff's case will suffer significant

16    harm." *Id.* at 4.

17    Defendant argues that Plaintiff has failed to meet her burden by failing "to cite any facts or

18    evidence supporting her claim that her failure to provide timely responses was in good faith."

19    (Def.'s Opp'n at 3.)  Defendants asks the Court not to allow the withdrawal, because it would be

20    prejudiced because "Defendant has been operating under the assumption that the requests were

21    deemed admitted and that no motion for relief was forthcoming since plaintiff's counsel was put

22    on notice of its necessity on June 10, 2014." *Id.*

23    The Court is not persuaded that Defendant has been prejudiced.  First, Plaintiff served

24    responses, albeit late ones, on June 6 and August 5, 2014.  Defendant has also been diligently

25    pursuing other discovery devices, including taking depositions.  Second, the Court also put

26    Defendant on notice on June 10, 2014, that it was unlikely to grant a motion for summary

27    judgment based solely on Plaintiff's failure to timely respond to case dispositive requests for

28    admission, such as "Admit that YOU have no basis to sue DEFENDANT." (Req. No. 1, Am.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Decl. of K. Walter Johnson, "Johnson Decl.," Dkt. No. 49-2, Ex. 2 at 2.)  As a result, on June 18,

2  2014, Kohl's withdrew its original motion for summary judgment. (*See* Dkt. No. 27.)

3         What Plaintiff alludes to, but fails to clearly articulate, is that should the instant motion be

4  denied, Defendant's motion for summary judgment would be granted based on the requests being

5  deemed admitted.  Requests for admission exist as a discovery device to narrow issues in a case,

6  not to avoid liability entirely because an opposing party does not timely respond to a "gotcha"

7  request.  As a result, the Court will grant Plaintiff's motion, because not doing so would be

8  tantamount to terminating sanctions—which are not warranted in this instance—and frustrate the

9  federal rules' preference for adjudication on the merits.  Plaintiff's counsel is advised, however,

10  that he is responsible for complying with the Federal Rules of Civil Procedure, and all local rules

11  and standing orders, and need not be warned by opposing counsel of the ramifications of his

12  failure to timely respond to discovery devices or other case deadlines. (*See* Pl.'s Am. Mot. at 3.)

### III. CONCLUSION

13

14         In light of the foregoing, Plaintiff Sharyn Waters' motion for withdrawal of her admissions

15  is GRANTED. Plaintiff's amended responses, dated August 5, 2014, shall be the operative

16  responses.

17         IT IS SO ORDERED.

18  Dated: December 1, 2014

19                                                     _____

20                                                     KANDIS A. WESTMORE
                                                       United States Magistrate Judge

21

22

23

24

25

26

27

28