UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARYN WATERS,<br><br>    Plaintiff,<br><br>    v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>    Defendant. | Case No. 14-cv-00043-KAW<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Dkt. No. 28 |

On November 4, 2013, Plaintiff Sharyn Waters filed this action against Defendant Kohl's Department Stores, Inc. alleging that she was injured in a slip and fall incident at Defendant's Hayward, California store. On August 26, 2014, Defendant filed its motion for summary judgment. (Def.'s Mot., Dkt. No. 28.)

On November 6, 2014, the Court held a hearing, and after careful consideration of the parties' arguments, moving papers, and supplemental briefing submitted by the parties, and for the reasons set forth below, the Court DENIES Defendant's Motion for Summary Judgment.

## I. BACKGROUND

On November 5, 2011, Plaintiff Sharyn Waters allegedly tripped and fell at Defendant Kohl's Department Store, Inc.'s Hayward, California store. (Compl., Dkt. 1, Ex. A.) She claims to have fallen as a result of "(1) narrowly spaced clothing racks, and (2) litter [] remain[ing] on the floor . . . [which caused] her to smash her head on the floor with violent force resulting in severe, permanent, and substantial injuries and permanent bodily and mental damage." (Compl. at 4.) Plaintiff's fall was witnessed by her son Robert McQueen. The parties now agree that the only potentially dangerous condition present that could have caused Plaintiff's fall was a sales tag. (Pl.'s Resp. to Def.'s Separate Statement of Undisputed Material Facts ISO of Mot. for Summary

1   Judgment, "Pl.'s Resp.," Dkt. No. 35-3.) The parties dispute whether the tag shown in the video

2   footage (Def.'s Mot., Ex. D) is the tag on which Plaintiff allegedly slipped. (Pl.'s Resp. ¶ 5; Pl.'s

3   Opp'n at 11:1-5.)

4       On November 4, 2013, Plaintiff and John Philip Waters filed this action in Alameda

5   County Superior Court, which Defendant subsequently removed to federal court. Thereafter, John

6   Philip Waters dismissed his claims against Defendant with prejudice.

7       Defendant filed its motion for summary judgment on August 26, 2014. Plaintiff filed her

8   opposition on September 10, 2014.[1] (Pl.'s Opp'n, Dkt. No. 35.) Defendant filed its reply on

9   September 16, 2014. (Def.'s Reply, Dkt. No. 37.)

10      On November 6, 2014, the Court held a hearing on the motion for summary judgment and

11  ordered supplemental briefing on the alleged spoliation of evidence. (Minute Entry, Dkt. No. 45.)

12  On November 20, 2014, Plaintiff filed a supplemental brief. (Pl.'s Brief, Dkt. No. 52.) On

13  December 2, 2014, Defendant filed its supplemental brief. (Def.'s Brief, Dkt. No. 54.) Also on

14  December 2, 2014, Defendant filed objections to the evidence in Plaintiff's supplemental brief on

15  the grounds that it was not properly authenticated. (Dkt. No. 55.) On December 5, 2014, Plaintiff,

16  without leave of court, filed a declaration in support of the evidence cited in the supplemental

17  brief. (Decl. of K. Walter Johnson, Dkt. No. 56.)

## II.  LEGAL STANDARD

A party may move for summary judgment on a "claim or defense" or "part of... a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

---

[1] In its reply, Defendant contends that its motion should be granted because Plaintiff filed her opposition one day late. (Def.'s Reply, Dkt. No. 37 at 1.) Defendant, however, filed Exhibit D, the video recording, on August 27, 2014. (Dkt. No. 32.) Thus, Defendant's motion was not filed in full until August 27, and Plaintiff's opposition is timely.

1    A party seeking summary judgment bears the initial burden of informing the court of the
2  basis for its motion, and of identifying those portions of the pleadings and discovery responses
3  that demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Where
4  the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no
5  reasonable trier of fact could find other than for the moving party. *Southern Calif. Gas. Co. v. City
6  of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).

7    On an issue where the nonmoving party will bear the burden of proof at trial, it may
8  discharge its burden of production by either (1) by "produc[ing] evidence negating an essential
9  element of the nonmoving party's case" or (2) after suitable discovery "show[ing] that the
10 nonmoving party does not have enough evidence of an essential element of its claim or defense to
11 discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz
12 Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *see also Celotex*, 477 U.S. 324-25.

13   Once the moving party meets its initial burden, the opposing party must then set forth
14 specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See*
15 Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 250. "A party opposing summary judgment may not
16 simply question the credibility of the movant to foreclose summary judgment. *Anderson,* 477 U.S.
17 at 254. "Instead, the non-moving party must go beyond the pleadings and by its own evidence set
18 forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*,
19 247 F.3d 986, 997 (9th Cir. 2001) (citations and quotations omitted). The non-moving party must
20 produce "specific evidence, through affidavits or admissible discovery material, to show that the
21 dispute exists." *Bhan v. NMS Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or
22 speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of
23 material fact to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Electronics
24 Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

25   In deciding a motion for summary judgment, a court must view the evidence in the light
26 most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,*
27 477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709 (9th Cir. 2011).
28 ///

## III. DISCUSSION

### A. Plaintiff's failure to serve timely responses to Defendant's Requests for Admission

Defendant seeks to have its motion for summary judgment granted based on Plaintiff's failure to serve timely responses to its requests for admission. (*See* Def.'s Mot. at 8-9; Def.'s Reply at 4.) A party's failure to timely respond to requests for admission results in the automatic admission of the matters requested. Fed. R. Civ. P 36(a)(3).

Here, Plaintiff served her responses on June 6, 2014, which was more than a month after they were due. (Def.'s Reply at 4.) Pursuant to Rule 36, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The rationale is that the federal rules prefer adjudication on the merits. At the hearing, the Court informed Plaintiff that she had not moved to amend or withdraw her responses, and Plaintiff stated that she would immediately file an administrative motion for relief to withdraw or amend her responses. On December 1, 2014, the Court granted Plaintiff's motion to withdraw, and deemed her amended responses, dated August 5, 2014, the operative responses.

Accordingly, the Court declines to grant Defendant's motion for summary judgment due to Plaintiff's failure to timely serve discovery responses.

### B. Merits of Defendant's Motion for Summary Judgment

Kohl's seeks summary judgment as to all remaining claims on the grounds that (1) Plaintiff cannot establish that a dangerous condition caused her to fall, and, even if she did, that (2) she cannot establish that Kohl's had constructive notice of the alleged dangerous condition. (Def.'s Mot. at 3-5.)

#### 1. Whether the clothing tag could be a dangerous condition

Defendant claims that the "[s]urveillance video of the incident shows that the tag on which plaintiff and [Robert] McQueen claim plaintiff slipped was nowhere near plaintiff when the incident occurred." *Id.* at 4. Mr. McQueen's deposition testimony, however, does not conclusively state that the tag shown in the video is the tag he believes his mother slipped on. (*See* Dep. of Robert McQueen, Def.'s Mot., Ex. C.) As Plaintiff argues in her opposition, other tags could

4

easily exist that were not captured by the surveillance video. (Pl.'s Opp'n at 11.)

Upon review of the surveillance video showing part of Plaintiff's fall, there could be a clothing tag off-screen that Plaintiff slipped on, and to which Mr. McQueen was referring during his deposition. Mr. McQueen did not identify the tag seen in the video as the tag upon which Plaintiff slipped. Indeed, the surveillance video does not show Plaintiff until she is already falling. The area from which she fell cannot be seen in the video. Rather, the video shows that there was a tag on the floor near the exit where Plaintiff landed her fall.

a. Spoliation

At the hearing, Plaintiff argued that her fall was captured on a second surveillance camera, whose footage was not retained, and Defendant's destruction of that footage constituted spoliation of evidence. Spoliation "refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). Evidence of spoliation may be grounds for sanctions, which may include an adverse inference instruction. *Apple Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (citing *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991)).

While the Ninth Circuit has not set forth the standard for when an adverse inference instruction is appropriate, courts in this district have adopted the Second Circuit's three-part test, which provides that "a party seeking an adverse inference instruction based on the destruction of evidence must establish[:] (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir. 2002) (quoting *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001)); *see, e.g., Io Grp. Inc. v. GLBT Ltd.*, No. C-10-1282 MMC DMR, 2011 WL 4974337, at *8 (N.D. Cal. Oct. 19, 2011); *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2198257, at *2 (N.D.Cal. June 6, 2011); *World Courier v. Barone*, No.

C 06–3072 TEH, 2007 WL 1119196, at *1 (N.D.Cal. Apr. 16, 2007); *UMG Recordings, Inc. v. Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*, 462 F. Supp. 2d 1060, 1078 (N.D.Cal. 2006); *Hamilton v. Signature Flight Support Corp.*, No. C 05–0490 CW(MEJ), 2005 WL 3481423, at *3 (N.D. Cal. Dec. 20, 2005); *Apple Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d 976, 989-90 (N.D. Cal. 2012).

          i.    Duty to Preserve Relevant Evidence

Kohl's argues that while it had control over the surveillance footage, it had no duty to preserve any video evidence because "litigation was not contemplated at the time of the incident, or during its three week video retention period after the incident." (Def.'s Brief at 6.) This includes the footage that was preserved and ultimately produced, because "[t]he video retained . . . clearly established that the tag did not cause plaintiff's fall and there was nothing at the scene on which plaintiff could have possibly tripped, based on the sole percipient witness's testimony." *Id.* at 6. Litigants have a duty to preserve "what [they know], or should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Toppan Photomasks, Inc. v. Park*, No. 13-CV-03323-MMC, 2014 WL 2567914, at *5 (N.D. Cal. May 29, 2014) (quoting *Io Grp.*, 2011 WL 4974337, at *5). This may arise before litigation is formally commenced. *See World Courier*, 2007 WL 1119196, at *1.

Although the Ninth Circuit has not precisely defined when the duty to preserve is triggered, courts in this district generally agree that, "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.,* 462 F. Supp. 2d at 1067; *Apple Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012).

At her deposition, former employee Mariela Banu testified that Plaintiff's fall "looked really bad." (Dep. of Mariela Banu, "Banu Dep.," Dkt. No. 52, Ex. 2 at 43:24-44:3.) The Court, however, cannot consider this evidence, because Plaintiff did not authenticate Ms. Banu's deposition testimony by both failing to file it attached to a declaration and failing to provide the

reporter's certification that the transcript is true and correct.[2] Nonetheless, based on the video footage retained, which showed Plaintiff seriously falling and hitting her head, the Court finds that Kohl's should have contemplated litigation at the time of Plaintiff's fall, thereby triggering its duty to preserve.

> ii. Defendant's Requisite State of Mind

Defendant argues that it "did not destroy any video of Plaintiff's fall." (Def.'s Brief at 5.) At the hearing, Defendant acknowledged that video existed that captured other vantage points up to and following Plaintiff's fall, but that video was not retained. In its supplemental brief, Defendant claims that its employees reviewed all relevant video of the incident and "determined that the video produced to plaintiff was the only video that captured plaintiff's fall." (Def.'s Brief at 5.) This misstates Defendant's obligation to preserve, because "[a] party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)(quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).

As a result, Defendant's failure to retain additional footage requires the Court to take Defendant's word that such footage did not capture Plaintiff's fall or any other evidence relevant to her claims, such as the condition of the area from which she fell. Evidence of the condition would include obstructions or other tags or items that may have caused Plaintiff's fall. To decide that the tag collected and shown in the surveillance footage had to be the only tag, based on witness testimony, is careless at best when the employees have the benefit of multiple vantage points from multiple surveillance cameras. That Kohl's employees perhaps unintentionally destroyed potentially relevant evidence may be of no consequence, because Plaintiff may be entitled to an adverse inference instruction even in the absence of a finding of bad faith. *Apple*, 888 F. Supp. 2d at 998 (citing *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d

---

[2] As discussed below, Plaintiff later filed a supporting declaration in support of the deposition transcript, but again omitted the reporter's certification, rendering the exhibit unauthenticated. *See* discussion *infra* Part III.C.

1    363, 368 n. 2 (9th Cir. 1992); *see also Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993) (A

2    court may exercise its broad discretionary power to issue an adverse inference instruction based on

3    potential relevance to the litigation without a finding of bad faith.).  Moreover, there is no dispute

4    that Kohl's destruction of the evidence was willful, even if not in bad faith.

          iii.  Relevance

          Relevancy is a very broad standard.  As discussed both above and below, even if the footage from the second surveillance camera and extended footage from the stationary camera that was produced did not show Plaintiff's fall, it is relevant to show the condition of the premises for liability purposes, specifically that Kohl's failed to exercise ordinary care in maintaining the premises. *See* discussions *supra* Part III.B.1.a.ii and *infra* Part III.B.2.

          In light of the foregoing, Plaintiff's fall triggered Kohl's duty to preserve all relevant video evidence, rather than only the video that showed her fall, so an adverse inference instruction may be appropriate to explain the absence of additional surveillance video.  Therefore, since all evidence must be viewed in the light most favorable to the nonmoving party, and all inferences must be drawn in Plaintiff's favor, Defendant's motion must be denied, because Plaintiff may have slipped on a different clothing tag or other dangerous condition.

**2. Whether Plaintiff can establish that Defendant had constructive notice of any alleged dangerous condition or failed to exercise ordinary care in maintaining the premises**

          Even if Plaintiff could establish that she slipped and fell on a clothing tag, Defendant contends that she cannot establish that it was on the floor for an unreasonable length of time. (Def.'s Mot. at 5.)  Plaintiff does not address this argument in her opposition.  Rather, Plaintiff simply restates the elements of premises liability. (Pl.'s Opp'n at 11.)  At the hearing, Plaintiff argued that the additional video, which was subject to the alleged spoliation, would have shown that Kohl's had constructive notice.

          Alternatively, Plaintiff need only show that Kohl's failed to exercise ordinary care in the maintenance of the premises.  In its motion, Defendant states that its employees are trained "to constantly monitor the store for dangerous conditions, including possible trip or slip hazards on the floor." (Def.'s Mot. at 6.)  Defendant further contends that its "numerous employees and

supervisors" on duty at the time would have "been on the lookout for possible dangerous conditions and all of them would have picked the clothing tag up if they had seen it on the floor." *Id.* This argument is unpersuasive for two reasons.

First, Defendant failed to submit evidence that any such monitoring or maintenance took place on the day of Plaintiff's fall. So, while the evidence may show that its employees are trained, it does not show that the employees acted consistent with their training on the date of the incident. The motion must be supported by admissible evidence that shows that there are no material facts in dispute. What employees on duty at the time of the accident "would have" done is not evidence. At the hearing, Defendant conceded that it did not have maintenance records, and was instructed by the Court to address the lack of records in its supplemental brief. (*See* Minute Entry, Dkt. No. 45.) Despite this instruction, Defendant failed to address the lack of maintenance records in the supplemental brief, and instead focused solely on Plaintiff's spoliation argument.

Second, the limited surveillance video shows a clothing tag on the floor for an unknown amount of time until another shopper entered the store after Plaintiff fell and picked it up. *Id.* Since Defendant failed to retain surveillance video that may have shown other tags or show how long that tag remained on the floor, the Court may give an adverse inference instruction to explain the lack of evidence. *See* discussion *supra* Part III.B.1.a. Additionally, in the absence of surveillance footage to provide evidence of when the tag fell on the floor, the Court assumes that the tag shown was there for some amount of time before the incident. Viewing the evidence in the light most favorable to the plaintiff, the existence of the visible tag for an unknown period of time would provide a reasonable juror with a possible basis to believe that Kohl's may have failed to exercise ordinary care in maintaining the premises, because it should have been cleaned up by an employee prior to Plaintiff's fall.

Accordingly, Kohl's motion for summary judgment is denied.

### C. Defendant's Objections to Plaintiff's Exhibits

Defendant objects to all three of Plaintiff's exhibits attached to her supplemental brief on the grounds that the exhibits are not authenticated. (Def.'s Opp'n to Evid., Dkt. No. 55 at 1.) Plaintiff attached three pieces of evidence to the supplemental brief: (1) medical records; (2) Ms.

Banu's deposition transcript; and (3) Selina Gill's deposition transcript. (*See* Pl.'s Brief, Exs. 1-3.) Plaintiff did not, however, file a supporting declaration to authenticate the three exhibits. (Def.'s Opp'n to Evid. at 2.) In addition, Plaintiff failed to attach the reporter's certification to authenticate the two deposition transcripts. *Id.* Upon receipt of the objections, Plaintiff's counsel filed a supporting declaration and attached the exhibits. (Decl. of K. Walter Johnson, Dkt. No. 56.) Counsel did not, however, include the reporter's certification to authenticate the deposition transcripts. *Id.* So while the Court will consider the medical records to be properly authenticated, the deposition transcripts are not authenticated and are, therefore, not admissible for the purposes of this motion.

Accordingly, Defendant's objection to the two deposition transcripts is sustained, and the objection to the medical records is overruled.

## IV. CONCLUSION

In light of the foregoing, Defendant Kohl's Department Stores, Inc.'s motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: January 8, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

10