1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   SHARYN WATERS,                          Case No.  14-cv-00043-KAW
                 Plaintiff,
8                                           **ORDER GRANTING PLAINTIFF'S
          v.                                MOTION FOR SANCTIONS FOR
9                                           SPOLIATION OF EVIDENCE**
    KOHL'S DEPARTMENT STORES, INC.,         Re: Dkt. No. 65
10
                 Defendant.
11

12

13          On November 4, 2013, Plaintiff Sharyn Waters filed this action against Defendant Kohl's

14   Department Stores, Inc. alleging that she was injured in a slip and fall incident at Defendant's

15   Hayward, California store.  On February 20, 2015, Plaintiff filed a motion for sanctions for

16   spoliation of evidence and requested that the Court give the jury an adverse inference instruction.

17          On April 2, 2015, the Court held a hearing, and after careful consideration of the parties'

18   arguments and moving papers, and for the reasons set forth below, the Court GRANTS Plaintiff's

19   motion for sanctions.

20                              **I.    BACKGROUND**

21          On November 5, 2011, Plaintiff Sharyn Waters allegedly tripped and fell at Defendant

22   Kohl's Department Store, Inc.'s Hayward, California store. (Compl., Dkt. 1, Ex. A.)  She claims to

23   have fallen as a result of "(1) narrowly spaced clothing racks, and (2) litter [] remain[ing] on the

24   floor . . . [which caused] her to smash her head on the floor with violent force resulting in severe,

25   permanent, and substantial injuries and permanent bodily and mental damage." (Compl. at 4.)

26   Plaintiff's fall was witnessed by her son Robert McQueen.

27          On November 4, 2013, Plaintiff and John Philip Waters filed this action in Alameda

28   County Superior Court, which Defendant subsequently removed to federal court.  Thereafter, John

United States District Court
Northern District of California

1    Philip Waters dismissed his claims against Defendant with prejudice.

2        Defendant filed its motion for summary judgment on August 26, 2014.  On January 8,

3    2015, after holding a hearing and considering supplemental briefing, the Court denied Kohl's

4    motion for summary judgment and found that "Plaintiff's fall triggered Kohl's duty to preserve all

5    relevant video evidence, rather than only the video that showed her fall, so an adverse inference

6    [jury] instruction may be appropriate to explain the absence of additional surveillance video."

7    (Order on Mot. for Summary J., "MSJ Order," Dkt. No. 57 at 8.)

8        On February 20, 2015, Plaintiff filed her motion for sanctions for spoliation of video

9    evidence. (Pl.'s Mot., Dkt. No. 65.)  Defendant filed its opposition on March 6, 2015. (Def.'s

10   Opp'n, Dkt. No. 71.)  Plaintiff filed her reply on March 13, 2015. (Pl.'s Reply, Dkt. No. 72.)

11       On April 2, 2015, the Court held a hearing at which both parties appeared.

## II.    LEGAL STANDARD

13       Courts are vested with inherent powers "'to manage their own affairs so as to achieve the

14   orderly and expeditious disposition of cases.'" *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg.*

15   *Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43

16   (1991)).  The Ninth Circuit has explicitly recognized that trial courts possess "inherent

17   discretionary power to make appropriate evidentiary rulings in response to the destruction or

18   spoliation of relevant evidence," and that sanctions for spoliation of evidence may be imposed

19   under the court's inherent powers to manage its own affairs. *Glover v. BIC Corp.*, 6 F.3d 1318,

20   1329 (9th Cir. 1993); *Jackson Family Wines, Inc. v. Diageo N. Am., Inc.*, No. CV 11-5639 EMC

21   (JSC), 2014 WL 595912, at *4 (N.D. Cal. Feb. 14, 2014) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d

22   951, 958 (9th Cir.2006)).

23       Spoliation "refers to the destruction or material alteration of evidence or to the failure to

24   preserve property for another's use as evidence in pending or reasonably foreseeable litigation."

25   *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citing *West v. Goodyear Tire &*

26   *Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).  Evidence of spoliation may be grounds for

27   sanctions, which may include an adverse inference instruction. *Apple Inc. v. Samsung Electronics*

28   *Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (citing *Akiona v. United States*, 938 F.2d 158, 161

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    (9th Cir. 1991)).

2    While the Ninth Circuit has not set forth the standard for when an adverse inference

3    instruction is appropriate, courts in this district have adopted the Second Circuit's three-part test,

4    which provides that "a party seeking an adverse inference instruction based on the destruction of

5    evidence must establish[:] (1) that the party having control over the evidence had an obligation to

6    preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state

7    of mind'; and (3) that the evidence was 'relevant' to the party's claim or defense such that a

8    reasonable trier of fact could find that it would support that claim or defense." *Residential Funding*

9    *Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir. 2002) (quoting *Byrnie v. Town of*

10   *Cromwell*, 243 F.3d 93, 107-12 (2d Cir. 2001)); *see, e.g., Io Grp. Inc. v. GLBT Ltd.*, No. C-10-

11   1282 MMC DMR, 2011 WL 4974337, at *8 (N.D. Cal. Oct. 19, 2011); *Vieste, LLC v. Hill*

12   *Redwood Dev.*, 2011 WL 2198257, at *2 (N.D.Cal. June 6, 2011); *World Courier v. Barone*, No.

13   C 06–3072 TEH, 2007 WL 1119196, at *1 (N.D.Cal. Apr. 16, 2007); *UMG Recordings, Inc. v.*

14   *Hummer Winblad Venture Partners (In re Napster, Inc. Copyright Litig.)*, 462 F. Supp. 2d 1060,

15   1078 (N.D.Cal. 2006); *Hamilton v. Signature Flight Support Corp.*, No. C 05–0490 CW(MEJ),

16   2005 WL 3481423, at *3 (N.D. Cal. Dec. 20, 2005); *Apple Inc. v. Samsung Electronics Co.*, 888

17   F. Supp. 2d 976, 989-90 (N.D. Cal. 2012).

18                                    **III.    DISCUSSION**

19   Plaintiff contends that Kohl's engaged in the willful spoliation of video evidence when its

20   employees retained only nine minutes of video footage pertaining to Plaintiff's slip and fall. (Pl.'s

21   Mot. at 5-6.)  As a result of this conduct, Plaintiff requests that the Court give an adverse inference

22   instruction to advise the jury of Kohl's conduct and that they may infer that the video footage

23   would have been harmful to Kohl's.

24

25       **A.    Whether Kohl's engaged in spoliation of evidence such that an adverse jury
             instruction is appropriate.**

26   An adverse inference instruction based on the destruction of evidence is appropriate if: (1)

27   the party having control over the evidence had an obligation to preserve it at the time it was

28   destroyed; (2) the records were destroyed with a culpable state of mind; and (3) the evidence was

                                    3

1   relevant to the party's claim or defense such that a reasonable trier of fact could find that it would

2   support that claim or defense.

### i.     Duty to Preserve Relevant Evidence

4   Kohl's argues that while it had control over the surveillance footage, it did not destroy any

5   "potentially relevant" evidence. (Def.'s Opp'n at 1.)  Litigants have a duty to preserve "what [they]

6   know], or should know, is relevant in the action, is reasonably calculated to lead to the discovery

7   of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject

8   of a pending discovery request." *Toppan Photomasks, Inc. v. Park*, No. 13-CV-03323-MMC, 2014

9   WL 2567914, at *5 (N.D. Cal. May 29, 2014) (quoting *Io Grp.*, 2011 WL 4974337, at *5). This

10   may arise before litigation is formally commenced. *See World Courier*, 2007 WL 1119196, at *1.

11   Although the Ninth Circuit has not precisely defined when the duty to preserve is

12   triggered, courts in this district generally agree that, "[a]s soon as a potential claim is identified, a

13   litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant

14   to the action." *In re Napster, Inc. Copyright Litig.,* 462 F. Supp. 2d at 1067; *Apple Inc. v. Samsung*

15   *Electronics Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012).  Based on the video footage retained,

16   which showed Plaintiff seriously falling and hitting her head, the Court finds that Kohl's should

17   have contemplated litigation at the time of Plaintiff's fall, thereby triggering its duty to preserve.

### ii.     Defendant's Requisite State of Mind

19   Previously, Defendant unsuccessfully argued that it did not destroy any relevant evidence.

20   (*See* MSJ Order at 7-8.)  Now, Defendant argues that it did not destroy any "potentially relevant"

21   evidence. (Def.'s Opp'n at 1.)  This shift in position is likely because "[a] party's destruction of

22   evidence qualifies as willful spoliation if the party has 'some notice that the documents were

23   **potentially relevant** to the litigation before they were destroyed.'" *Leon v. IDX Sys. Corp.*, 464

24   F.3d 951, 959 (9th Cir. 2006)(quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995,

25   1001 (9th Cir. 2002)) (emphasis added).

26   Defendant offers the declarations of Selina Gill and Mariela Banu in support of this

27   assertion, in which both declarants state that despite the two to four cameras capturing the general

28   area of Plaintiff's fall, "there never existed any other video footage showing Plaintiff's incident or

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    the immediate vicinity where Plaintiff commenced her fall . . . ." (Decl. of Selina Gill, "Gill

2    Decl.," Dkt. No. 71-1 ¶¶ 4, 7; Decl. of Mariela Banu, "Banu Decl.," Dkt. No. 71-2 ¶¶ 4, 7.)[1]  At

3    their depositions, however, neither declarant could remember how many cameras captured the

4    incident. (Dep. of Selina Gill, "Gill Dep.," Dkt. No. 66-1 at 36:19-37:5; Dep. of Mariela Banu,

5    "Banu Dep.," Dkt. No. 66-2 at 16:5-11.)

6    　　　　Additionally, Ms. Banu's declaration contains a paragraph that seeks to clarify her

7    deposition testimony that there were two cameras that captured video footage of the incident.

8    (Banu Decl. ¶ 9.)  In her declaration, Ms. Banu clarified that she interpreted "incident" to mean

9    both Plaintiff's fall and any footage of Plaintiff, rather than just Plaintiff's fall. *Id.*  This is not

10   significant, because the declarations confirm that there was a rotating P.T.Z. camera that captured

11   footage of Plaintiff being taken out of the store in a wheelchair. (Gill Decl. ¶ 8; Banu Decl. ¶ 8.)

12   Since Plaintiff's fall occurred near the exit, that area is in the vicinity of where the incident

13   occurred and should have been retained.  As a result, the Court need not rule on whether the

14   declarations relied on by Kohl's contradicts the declarants' sworn deposition testimony.

15   　　　　As previously stated in the Court's order denying Defendant's motion for summary

16   judgment, Kohl's failure to retain additional footage requires the Court to take its word that such

17   footage did not capture Plaintiff's fall or any other evidence relevant to her claims, such as the

18   condition of the area from which she fell.  Whether Kohl's employees destroyed the potentially

19   relevant evidence unintentionally or intentionally is of no consequence, because Plaintiff may

20   obtain an adverse inference instruction even in the absence of a finding of bad faith. *Unigard Sec.*

21   *Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 n. 2 (9th Cir. 1992); *see also Glover*

22   *v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993) (A court may exercise its broad discretionary

23   power to issue an adverse inference instruction based on potential relevance to the litigation

24   without a finding of bad faith.).  Here, there is no dispute that Kohl's destruction of the video

25   surveillance footage was willful, even if not in bad faith.

26   ///

27

28   [1] The Court notes that the two declarations are virtually identical.

United States District Court
Northern District of California

1                **iii.**     **Relevance**

2          Defendant contends that its employees did not retain the P.T.Z. camera footage "because it

3 did not show either the incident itself or any portion of the store close to where Plaintiff

4 commenced her fall" and, as a result, was not relevant. (Def.'s Opp'n at 3.)  At the hearing,

5 Defendant elaborated that the footage destroyed was not relevant to causation, because the video

6 retained showed that Plaintiff did not slip on the clothing tag that was recovered and, based on

7 witness statements, was believed to be the cause of her fall.

8          This argument is unavailing for two reasons.  First, the duty to preserve is not limited by

9 statements given by potential witnesses.  That the loss prevention associate decided to retain only

10 nine minutes of video footage, which definitively proved that a clothing tag recovered did not

11 cause Plaintiff's fall, does not mean that there was no other potentially relevant footage.

12          Second, relevancy is a very broad standard and is not limited to causation.  Even if the

13 footage from the second surveillance camera and extended footage from the stationary camera,

14 that was produced, did not show Plaintiff's fall, it is relevant to show the condition of the premises

15 for liability purposes.  At the hearing, Defendant conceded that earlier video footage from the

16 stationary camera could have shown how long the clothing tag had been on the floor.  Such

17 evidence would be relevant to show that Kohl's failed to exercise ordinary care in maintaining the

18 premises.  At the hearing, Plaintiff argued that footage of the general area—including footage

19 from the stationary camera that showed the right hand side of the store, which was also not

20 retained—is relevant to show whether Kohl's conducted general sweeps to remove debris.  The

21 Court agrees.

22          That Ms. Banu and Ms. Gill suddenly recall that there was never "any other video footage

23 showing Plaintiff's incident or the immediate vicinity where Plaintiff commenced her fall at any

24 other time between the opening of the store that day and Plaintiff's departure" is immaterial,

25 because there was additional video that was destroyed, including the video from the stationary

26 camera that was produced. (*See* Banu Decl. ¶ 7; Gill Decl. ¶ 7.)  The Court notes that both

27 declarants made statements that are contradicted by the video footage produced. Specifically, both

28 stated that "[n]o video capturing plaintiff's fall **or the area where she had fallen** was destroyed,

1    either intentionally or unintentionally by me or any of Defendant's representatives." (Gill Decl. ¶

2    11; Banu Decl. ¶12)(emphasis added.)  It is undisputed, however, that the video footage from the

3    stationary camera prior to Plaintiff's fall was destroyed, as only one minute of footage prior to

4    Plaintiff's fall was retained.  It is also undisputed that the P.T.Z. camera's video footage showing

5    Plaintiff leaving the store in a wheelchair was destroyed.  The Court has no way of knowing how

6    much video footage there was leading up to Plaintiff getting into a wheelchair and leaving the

7    store.  It is inexplicable that Defendant decided not to preserve the footage from the P.T.Z. camera

8    showing Plaintiff leaving in a wheelchair.  Such footage is certainly relevant to show her condition

9    at the time of the incident.  If Defendant decided to destroy such relevant evidence, it is possible

10   that other relevant evidence was also destroyed.

11        In light of the foregoing, Plaintiff's fall triggered Kohl's duty to preserve all potentially

12   relevant video evidence, rather than only the video footage deemed by Kohl's to be related to her

13   fall.  Therefore, an adverse inference instruction is appropriate to explain the absence of additional

14   surveillance video.

15        **B.    Appropriate adverse inference instruction**

16        In response to Defendant's conduct, Plaintiff requests that the Court give the following

17   adverse inference jury instruction:

18            Ladies and Gentlemen of the Jury:

19            You are instructed that Kohl's was aware of and had possession of
20            additional video footage depicting Ms. Waters' fall and the
             surrounding area. Despite an obligation to preserve that video,
21            Kohl's destroyed it.

22            As a result of this conduct, you may infer that the contents of this
             video footage would have been harmful to Kohl's.

23   (Pl.'s Mot. at 6-7.)

24        In opposition, Kohl's requests that Plaintiff's motion be denied or, in the alternative, that

25   the Court should delay ruling upon the motion until the conclusion of trial. (Def.'s Opp'n at 1-2.)

26   As an initial matter, the Court declines to wait until trial to rule on Plaintiff's motion.

27        Should an instruction be given, Kohl's asks that it "be modified to one that is much less

28   harsh and that is in accordance with instructions approved in other decisions in comparable

United States District Court
Northern District of California

7

1   situations in this district." (Def.'s Opp'n at 2.)  Kohl's offers an alternative instruction: "Defendant

2   has failed to preserve evidence for Plaintiff's use in this litigation after its duty to preserve arose.

3   Whether this fact is important to you in reaching a verdict in this case is for you to decide." *Id.* at

4   7.  Kohl's relies on *Apple*, 888 F. Supp. 2d at 994, and *Jackson Family Wines*, 2014 WL 595912,

5   at *8, in support of this less severe instruction. *Id*.  Those two cases, however, both involved

6   voluminous discovery, and the district court could not determine whether the parties' "'ability to

7   go to trial' was significantly hampered" by the spoliation of evidence. *Apple*, 888 F. Supp. 2d at

8   994; *Jackson Family Wines*, 2014 WL 595912, at *8 ("A more harsh sanction would be

9   inappropriate given the voluminous evidence that has been produced.")

10           Here, however, the additional video footage would have provided evidence not otherwise

11   made available, including the condition of the premises for liability purposes—specifically that

12   Kohl's failed to exercise ordinary care in maintaining the premises. *See* discussion *supra* Part

13   III.A.iii.  Moreover, the instruction proposed by Kohl's does not describe the evidence it

14   destroyed, thereby rendering the instruction virtually meaningless. *See Jackson Family Wines*,

15   2014 WL 595912, at *8 (jury instruction described evidence destroyed); *but cf. Apple*, 888 F.

16   Supp. 2d at 993-94 (contents of emails destroyed in accordance with company's retention policy

17   were unknown).  Accordingly, since the Court is aware of the general nature of the video footage,

18   Plaintiff is entitled to a more robust jury instruction than the one offered by Kohl's.  That said, the

19   Court agrees that Plaintiff's offered instruction is too severe.

20           Therefore, the Court will instruct the jury as follows:[2]

21           Ladies and Gentlemen of the Jury:

22           You are instructed that Kohl's failed to preserve additional video
        surveillance footage after its duty to preserve arose.  The destroyed
23      video footage depicted the general area of the store where Ms.
        Waters fell, Ms. Waters leaving the store in a wheelchair, and may
24      have also captured her fall.

25           As a result of this conduct, you may infer that the contents of this
        video footage would have been harmful to Kohl's.
26

27   _____

28   [2] At the hearing, the parties agreed to revisit the adverse inference instruction at the charging
     conference and make appropriate adjustments.

United States District Court
Northern District of California

1   This instruction is proportional to Defendant's spoliation, because Kohl's willfully destroyed

2   relevant evidence that has significantly hampered Plaintiff's ability to go to trial.

3                                    **IV.    CONCLUSION**

4            In light of the foregoing, Plaintiff's motion for sanctions for spoliation of evidence is

5   GRANTED, and the Court will give the adverse inference jury instruction set forth above.

6            IT IS SO ORDERED.

7   Dated: April 2, 2015

8   _____
                                    KANDIS A. WESTMORE
9                                   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9